IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                             No. 2:05-cr-0128 LKK AC

    vs.

JAMES S. KALFSBEEK

    Movant.                               <u>ORDER</u>

        In this case, petitioner James S. Kalfsbeek seeks relief under 28 U.S.C. § 2255 from the sentence of 120 months in custody that was imposed by this court on February 23, 2010 following his conviction for conspiracy, in violation of 18 U.S.C. § 371; mail fraud, in violation of 18 U.S.C. §§ 1341, 1342; wire fraud, in violation of 18 U.S.C. §§ 1343, 1342; and money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(I) and 1956(a)(2).  Presently pending before the court are two motions filed by petitioner on November 16, 2012: a motion for leave to conduct discovery and a motion for appointment of counsel.  Respondent has not filed a response to either motion.  Also before the court is respondent's request for a finding that petitioner waived the attorney-client privilege.

////

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, petitioner was found guilty on June 10, 2009 of conspiracy, mail fraud, wire fraud, and money laundering. On February 23, 2010, petitioner was sentenced to 120 months imprisonment followed by 36 months of supervised release. Judgment was entered on March 8, 2010, and an appeal was taken. On appeal, petitioner challenged the sufficiency of evidence as to his money laundering charges only and also brought a claim for procedural error related to his review of the presentence report. See Doc. No. 429. On March 6, 2012, the Ninth Circuit Court of Appeals affirmed the decision of the district court.

On August 16, 2012, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, bringing three claims for relief: (1) ineffective assistance of trial counsel for trial counsel's alleged failure to properly prepare a defense, to object at trial, to request or negotiate a plea bargain, and to properly investigate and research the case; (2) prosecutorial misconduct for the prosecutor's admission of evidence concerning Sovereign Citizenship; and (3) ineffective assistance of appellate counsel for appellate counsel's failure to raise these issues on appeal. In its opposition, the government argues the merits of petitioner's prosecutorial misconduct claim and also asks the court to find that petitioner waived the attorney-client privilege by virtue of his ineffective assistance of counsel claims. The government makes this request so that it may conduct discovery in order to adequately litigate these claims. Plaintiff has filed a traverse.

DISCUSSION

A.   Attorney-Client Privilege

In this habeas proceeding, petitioner contends that trial counsel failed to properly prepare a defense, to object at trial, to request or negotiate a plea bargain, and to properly investigate and research the case. He also asserts that his appellate counsel failed to raise these issues on appeal. In its opposition to petitioner's motion, respondent seeks an order finding that petitioner waived the attorney-client privilege by asserting claims for ineffective assistance of

counsel. Respondent argues here that it has a substantial basis for concluding that petitioner was uncooperative with his defense counsel and that it cannot fully develop the facts of these claims without obtaining from the defense attorneys their "oral and written communications with the defendant and . . . any evidence supporting their effective performance in this case." Opp'n at 22.

In support of its motion, respondent cites Bittaker v. Woodford, 331 F. 3d 715 (9th Cir. 2003), arguing that Bittaker stands for the proposition that a section 2255 motion based on ineffective assistance of counsel constitutes a waiver of the attorney-client privilege. Though the court in Bittaker held that a claim based upon ineffective assistance of counsel impliedly waives the attorney-client privilege, it does not follow that a blanket waiver is automatically effected by the presentation of the claim or that discovery of all communications between movant and his former attorneys is permitted. The filing of a section 2255 motion alleging ineffective assistance of counsel does not result in a complete waiver of the attorney-client privilege. Rather, the holder of the privilege impliedly waives the privilege only "to the extent necessary to give [respondent] a fair opportunity to defend against [the particular claim]." Bittaker, 331 F.3d at 720. The scope of the waiver is to be determined by the court, and tailored to the universe of facts placed in issue by the claim and by respondent's claim-specific needs for information. Accordingly, the waiver issue cannot be decided outside the context of specific requests for discovery.

In Section 2255 proceedings, a party is not automatically entitled to discovery; rather, a party requesting discovery must show good cause. Rule 6(a), Fed. R. Governing Section 2255 Proceedings. Furthermore, "[a] party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admissions, and must specify any requested documents." Rule 6(b), Rules Governing Section 2255 Proceedings. When discovery of attorney-client communications or attorney work-product is authorized, a narrowly-drawn protective order is required. Bittaker, 331 F.3d at 720-

25.

If the government wishes to discover specific information, it must submit a request for discovery complying with Rule 6 of the Rules Governing Section 2255 Proceedings. The issue of waiver will be addressed only in relation to specific requests for discovery.

B.      Appointment of Counsel

In his motion filed November 16, 2012, movant seeks appointment of counsel on the grounds that the issues in this case are complex, movant lacks legal training, and movant will require an experienced advocate to comply with the procedural rules for habeas corpus.

Appointment of counsel is mandatory pursuant to Rule 8(c) of the Rules Governing § 2255 Cases when an evidentiary hearing is required, United States v. Duarte–Higareda, 68 F.3d 369 (9th Cir. 1995), and when necessary for effective discovery pursuant to Rule 6(a) of the Rules Governing § 2255 Cases. At this early juncture, neither are required. Although Rule 6(a) permits appointment of counsel for the limited purpose of conducting discovery, appointment of counsel is not necessary for the parties to conduct effective discovery. Appointment is also required when the complexities of the case are such that lack of counsel would equate with the denial of due process. Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980) (citing Dillon v. United States, 307 F.2d 445, 446-47 (9th Cir. 1962)). There is presently no indication that lack of counsel would result in the denial of due process.

Otherwise, the court must determine whether the interests of justice require the appointment of counsel. Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). This determination is guided by an assessment of petitioner's ability to articulate his claim, the complexity of the legal issues, and the likelihood of success on the merits. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) ( per curiam ). Petitioner has articulated his claims well and the legal issues are not inherently complex. At this time, the court will deny his request without prejudice to renewal should circumstances change.

C.    Petitioner's Motion for Leave to Conduct Discovery

Petitioner also seeks leave of court to submit requests for production of documents to the United States Attorneys' Office to produce (a) all statements made by witnesses appearing at trial on behalf of the government; (b) all correspondence between defense counsel and the government relating to discovery issues, Brady[1] documents, and plea offers and proposed agreements; and (c) all documents from government witnesses related to petitioner's alleged claim to be a Sovereign Citizen and all documents related to the belief allegedly held by Sovereign Citizens that the laws of the United States or any State do not apply to them.

Petitioner asserts that he intends to use this information in support of his claim that the prosecutor committed Brady error and in support of his claims of ineffective assistance of counsel. Review of petitioner's Section 2255 motion reveals that petitioner has not asserted a Brady claim. Furthermore, petitioner has failed to articulate how the documents sought relate to his ineffective assistance of counsel claim. Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, courts may authorize parties to a Section 2255 habeas proceeding to conduct discovery for good cause shown. Good cause under Rule 6(a) exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997).

Here, petitioner first seeks copies of the statements made by government witnesses to determine whether his trial counsel was aware of these statements. Yet other than petitioner's conclusory allegations, petitioner has provided no reason for the court to infer that trial counsel did not in fact review these statements. Habeas petitioners may not "use federal discovery for fishing expeditions to investigate mere speculation." Calderon v. U.S. Dist. Court, 98 F.3d 1102, 1106 (9th Cir. 1996).

---

[1] Presumably, petitioner is referring to Brady v. Maryland, 373 U.S. 83 (1963).

Next, as to petitioner's request for production of all correspondence, communications, email and notes between defense counsel and the government relating to discovery issues, Brady documents, and plea offers and proposed agreements, petitioner admits that he has received some of this material from his trial counsel.  Petitioner, however, does not specify which materials remain outstanding or even why such expansive discovery is necessary. Petitioner's request is a classic fishing expedition, resembling that of the petitioner in Sherman v. McDaniel, 333 F. Supp. 2d 960 (D. Nev. 2004), a 28 U.S.C. § 2254 case.  There, the court found that the petitioner was seeking "to justify this broad discovery by describing an array of claims of ineffective assistance of counsel." Sherman, 333 F. Supp. 2d at 973.  The court concluded:

> For the most part, at the heart of these claims, petitioner essentially asserts that his trial counsel unreasonably failed to seek the discovery that petitioner seeks now. If not more than that were required for a showing of good cause under Bracy, habeas petitioners would have a free pass to conduct any discovery remotely related to their case.

Id. at 974-75.

Finally, petitioner's request for documents as related to Sovereign Citizens will be denied.  Any information concerning petitioner's alleged claim to be a Sovereign Citizen and his corresponding beliefs should either be in the record or known personally to petitioner.  As to the remaining requests regarding the general beliefs of Sovereign Citizens, the court can discern no need for the government to provide petitioner with this background information.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The government's request for a finding of waiver of attorney-client privilege is denied without prejudice to renewal in a motion for discovery filed in accordance with  Rule 6 of the Rules Governing Section 2255 Proceedings;

2. Petitioner's November 16, 2012 motion for appointment of counsel is denied without prejudice; and

////

////

6

3. Petitioner's November 16, 2012 request for discovery is denied.

DATED: January 9, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;kalf0128.jo