1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:05-cr-0128 LKK AC

12              Plaintiff,

13        v.                                ORDER

14   JAMES S. KALFSBEEK,

15              Defendant.

16

17        Petitioner James S. Kalfsbeek is a federal prisoner proceeding in pro per.  He seeks relief

18   under 28 U.S.C. § 2255 from his conviction for conspiracy, mail fraud, wire fraud, and money

19   laundering.  For the reasons explained below, the court now orders limited supplemental briefing

20   on petitioner's claims of ineffective assistance of counsel.

21        The § 2255 motion was filed on August 16, 2012.  ECF No. 432.  The government

22   answered, ECF No. 438, and petitioner filed a traverse, ECF No. 448.  By order filed January 9,

23   2013, the undersigned denied the government's motion for a finding that petitioner had waived

24   attorney-client privilege, without prejudice to renewal in a motion for discovery pursuant to Rule

25   6 of the Rules Governing Section 2255 Proceedings.  ECF No. 456.  No such motion has been

26   filed.  The undersigned also denied petitioner's requests for appointment of counsel and for

27   discovery.  Id.

28        The government, in its answer, seeks supplemental briefing on petitioner's claims that he

                                          1

1   was denied effective assistance by his trial and appellate lawyers.  The supplemental briefing

2   contemplated by respondent would address the issue of counsel's performance, on the basis of

3   declarations to be obtained from petitioner's prior counsel pursuant to the requested waiver.  ECF

4   No. 438 at 1-2, 21-22.[1]  As noted, however, the court declined to find at this stage of the

5   proceeding that petitioner's ineffective assistance claim effected a blanket waiver of privilege.

6   See ECF No. 456.  In any case, disputed facts regarding the performance of trial counsel are not

7   the starting point for evaluation of the § 2255 motion.

8          To establish a constitutional violation based on ineffective assistance of counsel,

9   petitioner must show (1) that counsel's representation fell below an objective standard of

10  reasonableness, and (2) that counsel's deficient performance prejudiced the defense.  Strickland v.

11  Washington, 466 U.S. 668, 692, 694 (1984).  Prejudice means that the error actually had an

12  adverse effect on the defense.  There must be a reasonable probability that, but for counsel's

13  errors, the result of the proceeding would have been different.  Id. at 693-94.  The court need not

14  address both prongs of the Strickland test if the petitioner's showing is insufficient as to one

15  prong.  Strickland, 466 U.S. at 697.  "If it is easier to dispose of an ineffectiveness claim on the

16  ground of lack of sufficient prejudice, which we expect will often be so, that course should be

17  followed."  Id.

18         If the court finds that petitioner's allegations are sufficient to support both prongs of the

19  Strickland test, "a district court must grant a hearing to determine the validity of a petition

20  brought under section 2255, '[u]nless the motions and the files and records of the case

21  conclusively show that the prisoner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d

22  1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  In other words, an evidentiary hearing is

23  required if (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2)

24  the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to

25  no relief.  United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).  No hearing is necessary if

26  the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so

27

28
_____

[1] Presumably, the government anticipates that petitioner's prior counsel would dispute
petitioner's factual allegations regarding their performance.

2

1    palpably incredible or patently frivolous as to warrant summary dismissal." United States v.

2    McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996), cert. denied, 520 U.S. 1269 (1997).

3         Pursuant to these authorities, there will be no need for fact-finding regarding the

4    performance of trial or appellate counsel if petitioner's allegations fail to support the prejudice

5    prong of Strickland.  The parties have not briefed prejudice.  The court's consideration of

6    petitioner's ineffective assistance claims, and determination whether summary dismissal is

7    warranted or whether an evidentiary hearing may be necessary, would be assisted by briefing on

8    the matter.  The questions to be briefed are as follows:

9         1.  Assuming the truth of petitioner's allegations regarding trial counsel's performance,

10            see ECF No. 432 (§ 2255 Motion) at 13-14, is there is a reasonably likelihood of a

11            different trial outcome had counsel moved to exclude (and/or objected to) evidence

12            regarding the "Sovereign Citizen" philosophy?  In other words, would such a motion

13            have been granted (or objections sustained), and if so would exclusion of the evidence

14            have affected the verdict?

15        2.  Again assuming the truth of petitioner's allegations regarding trial counsel's

16            performance, see ECF No. 432 at 14-15, is there is a reasonable likelihood of a

17            different trial outcome had counsel moved to exclude (and/or objected to) evidence

18            regarding petitioner's past lies in "an earlier and unrelated court proceeding"?

19        3.  Do petitioner's allegations regarding trial counsel's failure to seek a favorable plea

20            agreement, see ECF No. 432 at 14, state a claim under Strickland?

21        4.  Had appellate counsel raised the prosecutorial misconduct issue identified in Ground

22            Two, is there a reasonable likelihood that the conviction would have been reversed on

23            appeal?

24        The court does not require briefing regarding petitioner's allegations that trial counsel

25    failed generally to investigate, prepare and present a defense, see ECF No. 432 at 14.

26        The parties are cautioned to restrict supplemental briefing to the issue whether petitioner's

27    ineffective assistance allegations state a claim for relief under Strickland, with emphasis on the

28    prejudice prong.  See Strickland, 466 U.S at 697.  Argument and authorities that exceed the scope

3

1  of this order will be disregarded.

2        For the reasons stated, IT IS HEREBY ORDERED as follows:

3        1.  Respondent shall file a supplemental brief consistent with this order within thirty days;

4        2.  Petitioner shall respond within thirty days thereafter.

5  DATED: August 21, 2013

6

7        ALLISON CLAIRE
         UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4