UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES S. KALFSBEEK,<br><br>Defendant. | No. 2:05-cr-0128 LKK AC<br><br><br>ORDER APPOINTING COUNSEL AND ORDERING LIMITED EVIDENTIARY HEARING |

Petitioner James S. Kalfsbeek is a federal prisoner proceeding in pro per. He seeks relief under 28 U.S.C. § 2255 from his conviction for conspiracy, mail fraud, wire fraud, and money laundering. Petitioner claims that his rights were violated by the ineffective assistance of his trial and appellate counsel, and by prosecutorial misconduct. The pleadings were closed with the filing of the traverse on November 16, 2012. The parties have now submitted the supplemental briefs subsequently requested by the court. See ECF Nos. 458, 461, 464. For the reasons now explained, an evidentiary hearing is ordered on one aspect of petitioner's ineffective assistance of counsel claim.

Petitioner alleges, inter alia, that trial counsel Scott Tedmon failed to communicate a favorable plea offer. In his § 2255 motion, petitioner alleged that Mr. Tedmon failed to "contact the government about obtaining an offer for plea bargain and conducted no negotiations on Defendant's behalf to obtain a reasonable offer." Id. at 14. He alleges that he would have

1

1 accepted "any reasonable offer with less prison time," and that "at a minimum, Defendant would
2 have pleaded guilty to the charges in the superseding indictment and received credit for his
3 acceptance of responsibility." Id.  In his supplemental brief, supported by a supplemental
4 declaration, petitioner represents that he learned for the first time from the government's response
5 to his § 2255 motion that a plea offer had in fact been made.  He alleges that Mr. Tedmon failed
6 to communicate this offer to him.  ECF No. 464 at 2-3, 9-10.[1]  In light of the court's obligation to
7 liberally construe the pleadings of a pro per prisoner, see United States v. Seesing, 234 F.3d 456,
8 462-63 (9th Cir. 2000), the court accepts the allegations of the supplemental brief as an
9 amendment to the motion.

10        To establish a constitutional violation based on ineffective assistance of counsel, a
11 petitioner must show (1) that counsel's representation fell below an objective standard of
12 reasonableness, and (2) that counsel's deficient performance prejudiced the defense.  Strickland v.
13 Washington, 466 U.S. 668, 692, 694 (1984).  The failure to communicate a favorable plea offer
14 constitutes unreasonable performance within the meaning of Strickland.  Missouri v. Frye, 132
15 S.Ct. 1399, 1408 (2012).  Unreasonable advice that causes a favorable offer to be rejected also
16 violates Sixth Amendment standards.  Lafler v. Cooper, 132 S.Ct. 1376 (2012), see also United
17 States v. Rivera-Sanchez, 222 F.3d 1057, 1060 (9th Cir. 2000).  In either case, the petitioner must
18 establish a reasonable likelihood that both he and the court would have accepted the proposed
19 deal.  Lafler, 132 S.Ct. at 1389.

20        A district court must grant a hearing to determine the validity of a petition brought under
21 section 2255, "[u]nless the motions and the files and records of the case conclusively show that
22 the prisoner is entitled to no relief."  28 U.S.C. § 2255, see United States v. Blaylock, 20 F.3d
23 1458, 1465 (9th Cir. 1994).  In other words, an evidentiary hearing is required if (1) a petitioner
24 alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and
25 record of the case cannot conclusively show that the petitioner is entitled to no relief.  United

---

[1] Petitioner declares both that "to this day, I am unaware of the exact terms and conditions of the Government's plea offer," and that Mr. Tedmon recently provided him with a "proposed global settlement" that included a 37-month sentence for petitioner, which he was "willing to accept." ECF No. 464 at 9, 10.

2

States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

Petitioner's allegations state a claim which, if his allegations were proved, would entitle him to relief pursuant to Frye and Lafflfer.[2]  Respondent contends that the record conclusively demonstrates that petitioner is not entitled to relief.  Specifically, respondent points to a status report filed by defense counsel on February 5, 2009, which represented that counsel had several conversations with petitioner regarding settlement offers from the government.  ECF No. 461-1 at 2.  Petitioner's recent declaration directly contradicts the status report, creating a credibility dispute.  A limited evidentiary hearing is necessary to resolve the question.  See United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989).

Rule 8(c), Fed. R. Governing § 2255 Cases, provides that the court must appoint counsel to represent petitioner for evidentiary hearing purposes.  Accordingly, IT IS ORDERED that:

1. The Office of the Federal Defender is appointed to represent petitioner for purposes of the evidentiary hearing.  If the Federal Defender has a conflict, panel counsel should be substituted;

2. A status conference is set for December 4, 2013 at 10:00 a.m. in Court room 26.  Counsel shall be prepared to discuss the scheduling of the evidentiary hearing and the need for pre-hearing discovery, if any.

3. The Clerk of the Court shall serve a copy of this order on the Federal Defender.

DATED: November 5, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned previously requested briefing on the question whether a viable Strickland claim was stated by allegations that defense counsel failed to *seek* a plea offer.  Because there is no right to a plea bargain, Weatherford v. Bursey, 429 U.S. 545, 561 (1977), it is entirely unclear that petitioner would be entitled to relief on a claim that counsel unreasonably failed to enter into plea negotiations.  However, petitioner has clarified that his claim rests on counsel's alleged failure to communicate an offer that was on the table.

3